*329 OPINION AND ORDER
Appellant Joshua Albanese. (“Joshua”), filed a Petition for Writ of Supervisory Control and an Application for Stay which was granted on May 1, 2012. A briefing schedule was set. Appellant filed a Brief; Appellee Lesley Albanese, (“Lesley”), did not file a response Brief.
The parties were married on February 13, 2008. They had twin children who were born on September 29, 2006. Until their separation in the summer of 2011, the parties parented the children together. The parties stipulated to dissolution of marriage on July 26, 2011, reserving the issues of custody and support for determination by the Tribal Court. Following a hearing on August 16, 2011, a Final Decree of Dissolution of Marriage was entered by the Tribal Court on August 18, 2011. The Court awarded primary custody of the children to Joshua. Lesley was restricted to supervised visits with the children,
subject to the consent of Joshua Alba-nese and under the conditions set forth by Joshua Albanese for each visit until the following conditions are met: complete a hair follicle drug screen, complete a substance abuse evaluation, complete the recommendations of the substance abuse evaluation and complete three clean drug screens.
Case No. 11-6-1229, August 16, 2011 Decree of Dissolution of Marriage, page 2.
On April 12, 2012, Lesley filed a Family Court Petition, seeking custody of the children, stating that she had not seen the children since the summer of 2011 and that Joshua intended to move out of state with the children. On April 27, 2012, the Tribal Court entered an Interim Custody Order granting joint custody of the children to their parents pending a hearing in the matter scheduled for May 16, 2012. Further, the Court stated it retained exclusive jurisdiction in accordance with CCOJ Title II, § 107 and Title IX § 101. The Order also directed that the children and parents were to remain within the exterior boundaries of the Fort Peck Indian Reservation until the time of the hearing. Because we stayed the proceedings, the hearing was not held.
Joshua’s main contention is that the Tribal Court lacks authority under the Fort Peck Tribes Comprehensive Code of Justice, (“CCOJ”), to issue an ex parte Order in this matter. Joshua points out that neither CCOJ Title X § 304, Child Custody, nor Title X § 304(a), Child Custody actions outside divorce and annulment proceedings, makes any reference to ex parte hearings. Further, according to Joshua, CCOJ Title X, § 308, Temporary *330 alimony and custody awards, which does provide for ex parte emergency hearings in limited circumstances, only applies when an annulment or divorce proceeding is pending. This reading of the code provisions is too narrow in view of accepted principles of statutory construction. Specifically, when interpreting a written code provision, we may look at the context of the provision in order to carry out the overall purpose of the law. In this instance, CCOJ Title X Chapter 3 addresses the very important issues of annulment, divorce, child custody and support. While only CCOJ Title X, § 308 specifically refers to emergency ex parte hearings, it would not be reasonable for us to determine that only when a an annulment or divorce case is pending does the court have authority to respond to an emergency. Interpreting applicable law to mean that children may only be protected in an emergency if an annulment or divorce case is pending would not be practical or sensible. A reasonable interpretation of the applicable law is that the procedural components of CCOJ Title X § 308 apply in any matter involving child custody.
The Tribal Trial Court’s ex parte Order did not grant Lesley’s request for custody of the children. Rather, the Court determined that an Interim Custody Order granting joint custody to the parents was in the best interests of the children. The Court then scheduled a hearing thirteen days later. This was a valid response to the situation presented. Therefore,
IT IS HEREBY ORDERED THAT:
1. The decision of the Tribal Trial Court granting joint custody to the parents is affirmed.
2. The previously-entered stay is vacated.
3.The matter is remanded to the Tribal Trial Court for further proceedings.